JS 44 (Rev. 04/21)     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Kersaint Bernard

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Saffren & Weinberg, 815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046, (215) 576-0100

### DEFENDANTS
Werner Enterprises, Inc.

County of Residence of First Listed Defendant   Allentown
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | [x] 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000-1-e, et seq
Brief description of cause:
Discrimination in employment

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 11/16/21
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **1223 FAUNCE STREET, PHILADELPHIA, PA 19111**

Address of Defendant: **5448 OAKVIEW DRIVE, ALLENTOWN, PA 18104**

Place of Accident, Incident or Transaction: **ALLENTOWN, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11/16/21**  _____ **60643**
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **MARC A. WEINBERG**, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: **11/16/21**  _____ **60643**
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KERSAINT BERNARD<br>1223 Faunce Street<br>Philadelphia, PA 19111<br>　　　Plaintiff,<br>　　v.<br><br>WERNER ENTERPRISES, INC.<br>5448 Oakview Drive<br>Allentown, PA 18104<br>　　and<br>14507 Frontier Road<br>Omaha, NE 68138<br>　　　Defendant. | Civil Action<br><br>Jury Trial Demanded |

**COMPLAINT**

## I. PRELIMINARY STATEMENT

1. Plaintiff, Kersaint Bernard brings this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Race discrimination, National Origin discrimination, and Retaliation, The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, and pursuant to applicable Pennsylvania common law. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendant for Defendant's discriminatory practices, retaliation, and other tortious actions.

## II. JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f).

3. Plaintiff has complied with all jurisdictional prerequisites including those set forth in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment

Opportunity Commission on August 30, 2021. (Exhibit "A").

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000 e-5.

5. At all times material hereto, Werner Enterprises, Inc., (hereinafter referred to as "Defendant") was "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e.

6. At all times material hereto, Defendant employed more than 15 employees.

7. At all times material hereto, Defendants was an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e.

8. At all times material hereto, Defendant was an "employer" as defined by §4 of the Pennsylvania Human Relations Act, 43 P.S. §954.

9. At all times material hereto, Defendant was an "employer" of Plaintiff as defined by §5 of Pennsylvania Human Relations Act, 43 P.S. §955.

10. At all times material hereto, the Defendant's discrimination occurred within the district of this Court and in the City of Allentown.

## III. THE PARTIES

11. Plaintiff, Kersaint Bernard (hereinafter "Bernard"), is an adult male who is African America and of Haitian origin.

12. Upon information and belief, Defendant operates a transportations and logistics company with company addresses at 5448 Oakview Drive, Allentown, PA 18104 and corporate headquarters located at 14507 Frontier Road, Omaha, NE 68138.

13. Upon information and belief, Ethan Schneider (hereinafter "Schneider"), a

Caucasian male, was employed by Defendant, and at all times material hereto had the authority to discipline and terminate Plaintiff.

14. At all times material hereto, the discrimination enumerated within this Complaint occurred within the Commonwealth of Pennsylvania at Defendants', location in Pennsylvania.

## IV. FACTUAL BACKGROUND

15. Plainitff, Kersaint Bernard was an employee of Werner Enterprises, Inc. employed as a truck driver.

16. Mr. Bernard was hired in or about March 1, 2019, and was constructively discharged in or about September, 2020.

17. Mr. Bernard's termination was in direct violation of 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Racial Discrimination, National Origin Discrimination and Retaliation.

18. Plaintiff is a Haitian male, who speaks with a pronounced Haitain accent.

19. During the course and scope of his employment, Plaintiff was subjected to ongoing and continuous discrimination, based upon his race and national origin. Plaintiff was falsely accused of being involved in car accidents on three (3) occasions.

20. On one occasion, Plaintiff's Caucasian supervisor, Ethan Schneider became irate with the Plaintiff during a telephone conversation, yelling that he "could not understand" the Plaintiff and slammed the phone down on the Plaintiff.

21. Additionally, Plaintiff would be offered trucking loads, which would be cancelled when Plaintiff's run was halfway completed, which resulted in Plaintiff not being paid for the loads.

22. Other employees, who did not have Haitian accents were treated more favorably

3

than the Plaintiff.

23. Upon information and belief, Schneider attempted to transfer Plaintiff to the Philadelphia, PA location of the Defendant, but only after Schneider informed the Philadelphia Police that Plaintiff was not permitted to be at the Philadelphia location.

24. Upon information and belief, Schneider was attempting to have Plaintiff arrested.

25. In or about September, 2020, Plaintiff was forced to quit his position, due to the ongoing and repeated discrimination he suffered at the hands of the Defendant.

26. Bernard was profoundly upset and affected by the discrimination, harassment and hostile work environment that he was subjected to during the course and scope of his employment.

27. During the course and within the scope of his employment with Defendant, was treated less favorably than similarly situated, non Black employees.

28. At all times material hereto, Schneider aided and abetted the aforementioned harassment, hostile work environment and discrimination to which Bernard was subjected.

29. The aforementioned conduct of Defendant was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* and the Pennsylvania Human Relations Act, 33 P.S. §951, *et seq.*

30. Defendants had a continued need for the work that Plaintiff had been performing.

31. Notwithstanding, Plaintiff's complaints and clear indication to Defendant that the aforesaid comments and conduct were unwelcome, unwanted and upsetting, the harassing

conduct continued throughout the course of his employment with Defendants.

32. At no time did Defendant, or any of the principles, supervisors, managers, officers, directors, or agents of Defendant, institute an effective grievance procedure designed to eliminate racial discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendant failed to follow any requirements of said policy.

33. As a direct and proximate result of Defendant's aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendant's discriminatory practices, Plaintiff:

  (a) was constructively discharged from his employment to his great financial detriment

  (b) was caused pain and suffering, physical injury and a loss of enjoyment of life; and

  (c) suffered severe emotional distress, embarrassment, humiliation and depression.

## COUNT I
## KERSAINT BERNARD V. WERNER ENTERPRISES, INC.
## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000**

34. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

35. The conduct of Defendant and Schneider's treatment of Bernard in his employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq* as the harassment, hostile work environment, retaliation and discrimination was based upon his Race

and National Origin.

WHEREFORE, Plaintiff, Kersaint Bernard, demands judgment against Defendant, Werner Enterprises, Inc., including:

(a) A declaration that Defendant's actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b) equitable and declaratory relief requiring Defendant, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial harassment and discrimination and retaliation in the workplace;

(c) equitable and declaratory relief requiring Defendant to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial harassment and discrimination and retaliation;

(d) equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(e) compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f) punitive damages;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II
## KERSAINT BERNARD V. WERNER ENTERPRISES, INC.
## <u>VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.</u>

36. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

37. The conduct of Defendant's treatment of Bernard in his employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as Bernard's harassment, hostile work environment, retaliation and discrimination was based upon his Race and National Origin.

38. Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise affected her status as an employee because of his race and national origin.

39. As a direct and proximate result of Defendant's actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, Bernard demands judgment against Defendant, including:

(a) a declaration that Defendant's actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendant to institute sensitivity and other training for all managers, employees and supervisors to prevent harassment and discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendant to institute and enforce a specific policy and procedure for investigating and preventing complaints;

(d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g) such other relief as this Court my deem appropriate under the circumstances.

**Respectfully submitted,**

**SAFFREN & WEINBERG**

BY: _____
MARC A. WEINBERG, ESQUIRE
Pa. Atty. I.D. No.: 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
mweinberg@saffwein.com

**Dated:** 11/16/21

# EXHIBIT A

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kersaint Bernard<br>1223 Faunce Street<br>Philadelphia, PA 19111 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-02030 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter* (signature)      08/30/2021

Dana R. Hutter,
Deputy Director     *(Date Issued)*

Enclosures(s)

cc:
Jennifer Petersen
Sr Labor and Employment Counsel
Werner Enterprises, Inc.
14507 FRONTIER RD
WERNER ENTERPRISES
Omaha, NE 68138

Marc A. Weinberg, Esq.
SAFFREN & WEINBERG
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046